UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO._____ |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT and |
| GUS CRANK and PENNY CRANK, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The United States of America alleges as follows:

1.  The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601, *et seq.* ("Fair Housing Act").

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

3.  Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' allegations occurred in the Eastern District of Kentucky, and the Defendants reside in the Eastern District of Kentucky.

**FACTUAL ALLEGATIONS**

4.  Defendants Gus Crank and Penny Crank are residents of Boone County, Kentucky.

5.  Defendant Penny Crank has co-owned a residential rental property located at 902 3rd Avenue, Dayton, Campbell County, Kentucky ("subject property"), with her brother, Jeffrey Williams, since approximately 1989. The property is currently subdivided into five units.

6. The subject property is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

7. Defendant Gus Crank has authority to act on behalf of Defendant Penny Crank and is responsible for the management and operation of the subject property.

8. At all times relevant to this action, Defendant Gus Crank managed the subject property, showed the property to prospective tenants, accepted or rejected prospective tenants, set terms and prices for rent, collected rent, responded to and performed repairs and other maintenance, and evicted tenants.

9. Since at least 2008, Defendant Gus Crank has subjected female tenants of the subject property to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment, on multiple occasions. Such conduct has included, but is not limited to:

  a. Demanding that female tenants engage in, or pressuring them to engage in, oral sex or other sexual acts with him to keep rental housing;

  b. Subjecting female tenants to unwelcome sexual contact, including but not limited to touching female tenants' bodies, including their breasts, buttocks, and genital areas, and coercing tenants into sexual contact;

  c. Offering to grant tangible housing benefits, such as reducing monthly rental payments, in exchange for engaging in sexual acts with him;

  d. Making unwelcome sexual comments, propositions, and sexual advances to female tenants;

  e. Making intrusive and at times unannounced visits to female tenants' homes to further his sexual advances; and

  f. Taking adverse housing actions, such as evicting or threatening to evict female tenants who have objected to his unwelcome sexual advances or refused to engage in sexual acts with him.

10. For example, in approximately 2015 and 2016, Defendant Gus Crank repeatedly requested that a female tenant engage in sexual acts with him whenever he went to her apartment to collect rent.  He offered to reduce her monthly rent by fifty dollars ($50) if she engaged in sexual acts with him.  He repeatedly made inappropriate sexual comments to her; touched her body, including her breasts and genitals, and forced her to put her hand on his genitals; and pushed her onto her bed while trying to kiss her and rubbing his body against hers.  After she repeatedly rejected his advances, Defendants forced her to move out of the apartment.

11. Additionally, in approximately 2015 and 2016, Defendant Gus Crank subjected another female tenant to unwelcome sexual touching and propositions, including requesting that she engage in sexual acts with him in exchange for rent.  He touched her breasts and buttocks, and told her that she could live "rent free" if she agreed to have sex with him.  He also told her that if she told anyone, there would be "consequences."  The tenant feared for her safety and immediately vacated the apartment, leaving most of her belongings behind.

12. In another example, beginning in approximately 2008 and continuing for numerous years, Defendant Gus Crank repeatedly asked a female tenant for massages.  Defendant Gus Crank asked her husband "how she was in bed," and told her husband that he would reduce their monthly rent if she would have sex with Crank.  He offered to let her move into a better apartment at a discounted rate if she would have sex with him, and later threatened her with eviction if she did not engage in sexual acts with him.

3

13. Finally, in approximately 2010, Defendant Gus Crank told another female tenant, who was in her apartment with her child who was home sick from school, that he would evict her if she did not have sex with him in an upstairs vacant unit. Following this visit, he told her that he would "deal with her," or words to that effect, if she told anyone. Shortly thereafter, she came home to find all her belongings on the curb.

14. The experiences of these women were part of Defendant Gus Crank's longstanding pattern and practice of illegal sexual harassment of female tenants.

15. Because Defendant Gus Crank's discriminatory housing practices described above occurred while he was exercising his authority as an agent for Defendant Penny Crank, she is liable for Gus Crank's conduct.

## **CAUSE OF ACTION**

16. By the actions and statements described above, the Defendants have:

   a. Denied dwellings or otherwise made dwellings unavailable because of sex, in violation of 42 U.S.C. § 3604(a);

   b. Discriminated in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

   c. Made statements with respect to the rental of dwellings that indicate a preference, a limitation, or discrimination based on sex, in violation 42 U.S.C. § 3604(c); and

   d. Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights

granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

17. Under 42 U.S.C. § 3614(a), the Defendants' conduct constitutes:

   a. A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, and

   b. A denial to a group of persons of rights granted by the Fair Housing Act, which denial raises an issue of general public importance.

18. Female tenants and others have been injured by the Defendants' discriminatory conduct. These persons are "aggrieved persons" as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of the Defendants' conduct.

19. The Defendants' conduct was intentional, willful, and taken in reckless disregard of the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that the Court enter an Order that:

   a. Declares that the Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*;

   b. Enjoins the Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, from:

      i. Discriminating on the basis of sex, including engaging in sexual harassment, in any aspect of the rental of a dwelling;

      ii. Interfering with or threatening to take any action against any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act;

      iii.    Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct; and

      iv.    Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, as nearly as practicable, the effects of the Defendants' unlawful practices;

c. Awards monetary damages to each person aggrieved by the Defendants' discriminatory conduct under 42 U.S.C. § 3614(d)(1)(B);

d. Assesses civil penalties against the Defendants to vindicate the public interest under 42 U.S.C. § 3614(d)(1)(C); and

e. Awards such additional relief as the interests of justice may require.

Dated: March 6, 2019

Respectfully submitted,

WILLIAM P. BARR
Attorney General

    /s/ Robert M. Duncan, Jr.
ROBERT M. DUNCAN, JR.
United States Attorney
Eastern District of Kentucky

    /s/ Eric S. Dreiband
ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

    /s/ Sameena Shina Majeed
SAMEENA SHINA MAJEED
Chief

    /s/ Hydee R. Hawkins
HYDEE R. HAWKINS
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of Kentucky
Phone: (859) 685-4881
Fax: (859) 233-2747.
E-mail: hydee.hawkins@usdoj.gov

    /s/ Carrie Pagnucco
MICHAEL S. MAURER
Deputy Chief
CARRIE PAGNUCCO
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Northwest Building, 7th Floor
Washington, DC 20530
Phone:  (202) 353-9491
Fax:  (202) 514-1116
E-mail: carrie.pagnucco@usdoj.gov

Attorneys for Plaintiff
United States of America